UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLOS VASQUEZ LOPEZ, on behalf of himself and all
other persons similarly situated,

                Plaintiff,                      **COMPLAINT**

-against-

VERIDIAN GROUP INC. and MICHAEL MUSACCCHIO,
                                                              *Collective Action*
                Defendants.
------------------------------------------------------------------------X

        Plaintiff, CARLOS VASQUEZ LOPEZ ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, VERIDIAN GROUP INC. and MICHAEL MUSACCCHIO, alleges as follows:

## NATURE OF THE ACTION

        1.    Defendants, VERIDIAN GROUP INC. and MICHAEL MUSACCCHIO, failed to pay Plaintiff and other similarly situated employees premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"). Plaintiff brings this action against Defendants to recover unpaid wages on behalf of himself and all individuals similarly situated under the FLSA and NYLL.

## JURISDICTION AND VENUE

        2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Defendant, VERIDIAN GROUP INC., is a domestic business corporation with a place of business located at 1585 Smithtown Avenue, Bohemia, New York 11716.

6. At all times relevant, Defendant, VERIDIAN GROUP INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant was and still is an "employer" within the meaning of NYLL § 190(3).

7. At all relevant times, Defendant was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in landscape construction and used tools, equipment and other materials which originated in other states.

8. Defendant, MICHAEL MUSACCCHIO, was a shareholder and/or officer of VERIDIAN GROUP INC., had authority to make payroll and personnel decisions for VERIDIAN GROUP INC., was active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

9. Defendants are engaged in landscape construction, including but not limited to the installation of stone and masonry walkways, steps, patios, and outdoor kitchens.

10. Plaintiff was employed by Defendants as a laborer from in or 2021 to in or about February 2023.

11. Throughout his employment with Defendant, Plaintiff and similarly situated employees regularly worked more than 40 hours in a single workweek. Plaintiff and similarly situated employees regularly worked Monday through Saturday, 6 days per workweek. Plaintiff and similarly situated employees began work each workday at 6:30 a.m. The time that Plaintiff and similarly situated employees finished work each workday varied from day-to-day, but was regularly 4:00 p.m. or later.

12. Defendants paid Plaintiff and similarly situated employees in combination of check and cash. Defendants paid Plaintiff and similarly situated employees for up to 40 hours worked each week by check. Defendants paid Plaintiff and similarly situated employees in cash at their straight-time, regular rate of pay for hours worked in excess of 40 hours each workweek.

13. Defendants failed to pay Plaintiff and similarly situated employees overtime at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours in a single workweek in violation of the FLSA and NYLL.

14. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law § 195.

15. Defendants failed to provide Plaintiff with an accurate wage statement each pay period accurately stating the number of regular hours worked and the number of overtime hours work as required by Labor Law § 195.

16. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

17. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

18. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

19. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all persons who are currently or have been employed by the Defendants as landscape construction workers at any time during the three (3) years prior to the filing of their respective consent forms.

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b).

21. Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which have been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

22. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

23. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

24. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

25. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

26. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

29. By defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

30. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW SECTION 195(1)

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York Labor Law.

33. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW SECTION 195(3)

34. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

36. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(iv) Unpaid wages pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(v) Damages pursuant to New York State Labor Law § 198(1-a);

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
May 17, 2023

            LAW OFFICE OF PETER A. ROMERO PLLC

            */s/ Peter A. Romero, Esq.*
    By: _____
            Peter A. Romero, Esq.
            490 Wheeler Road, Suite 250
            Hauppauge, New York 11788
            (631) 257-5588
            Promero@RomeroLawNY.com

            *Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Veridian Group Inc., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Carlos Vasquez

2/14/2023
Date